# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shaykh Muhammad Al Saud,<br><br>    Petitioner,<br><br>v.<br><br>Clarence W. Dupnik, et al.,<br><br>    Respondents. | No. CV-15-0213-TUC-JAS-LCK<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Shaykh Muhammad Al Saud, presently incarcerated at the Arizona State Prison in Florence, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Kimmins for Report and Recommendation.[1] Before this Court are the Amended Petition (Doc. 7), Respondents' Motion to Dismiss, and Petitioner's Response to the motion (Docs. 33, 37). The Magistrate Judge recommends the District Court, after its independent review of the record, grant the motion to dismiss the Petition without prejudice on the ground that it is premature.

## FACTUAL AND PROCEDURAL BACKGROUND

In the Superior Court of Pima County, Petitioner pled guilty to kidnapping on May 11, 2015. (Doc. 33, Ex. B.) On May 21, Petitioner filed a Notice of Post-Conviction Relief (PCR). (*Id.*, Ex. C.) The trial court dismissed the notice as premature because

---

[1] This case was referred to the current Magistrate Judge on May 10, 2016. (Doc. 38.)

Petitioner had not been sentenced. (*Id.*, Ex. D at 2.) Petitioner sought review in the court of appeals but the request was denied on January 6, 2016, because it was premature to seek post-conviction relief. (*Id.*, Exs. E, F.)

On July 27, 2015, Petitioner was sentenced to ten years imprisonment. (Doc. 33, Exs. B, G.) On July 29, Petitioner filed a PCR Notice. (*Id.*, Ex. H.) The court appointed counsel and ordered that the record be prepared. (*Id.*, Ex. I.) To date, a PCR Petition has not been filed; the most recent extension allowed Petitioner until November 27, 2016, in which to file the petition. (Mtn to Extend Time and Order to Extend Time, *State v. Al Saud*, No. CR-20130740 (Super. Ct. Pima Cnty. Sept. 26, and Oct. 18, 2016).)[2]

Prior to sentencing, Petitioner filed his initial petition in this Court on May 22, 2015, followed by an amendment on July 6, 2015. (Docs. 1, 7.)

## **DISCUSSION**

Respondents request dismissal of this matter for failure to exhaust state remedies. Before the federal court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion in this case requires presentation of the claims to the Arizona Court of Appeals. *See Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Castillo v. McFadden*, 399 F.3d 993, 998 & n.3 (9th Cir. 2004).

Review of the state court docket reveals that Petitioner has a Rule 32 (PCR) of-right proceeding pending in state court (*see supra* note 2), which is the functional equivalent of a direct appeal. *See Summers v. Shriro*, 481 F.3d 710, 715-16 (9th Cir. 2007). A petitioner has not exhausted state court remedies if he has a state appeal pending at the time he files a petition for writ of habeas corpus in federal court. *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) (stating that "[w]hen . . . an appeal of a state criminal conviction is pending, a would be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where

---

[2] These documents have not been filed in this case; however, the Court reviewed them on the superior court website, http://www.agave.cosc.pima.gov/AgavePartners/.

the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts."); *Evans v. Ryan*, No. CV-16-08-67-PCT-DLR (BSB), 2016 WL 4394184, at *2 (D. Ariz. June 14, 2016) (recommending dismissal of habeas corpus petition as premature when Rule 32 of-right petition pending in state court), *adopted*, 2016 WL 4271863 (D. Ariz. Aug. 15, 2016); *Martineau v. Elliot,* No. CIV 08-1214-PHX-SMM (JRI), 2008 WL 3582811, at *1 (D. Ariz., Aug. 13, 2008) (denying habeas corpus petition as premature where petitioner presently had a Rule 32 petition pending).

In response to the motion to dismiss, Petitioner argues that he did seek review in the court of appeals from the denial of his first PCR Notice, which exhausted his claims. Petitioner's original appellate action was denied as premature because he initiated it prior to sentencing and Arizona Rule of Criminal Procedure 32.4 provides that a notice should be filed after the entry of judgment and sentencing. (Doc. 33, Ex. F at 2.) Petitioner did not present any claims to the appellate court in the manner required by the state courts, therefore, he did not satisfy the exhaustion requirement through that proceeding. *See Casey v. Moore*, 386 F.3d 896, 916-18 (9th Cir. 2004).

Next, Petitioner alleges he is entitled to seek relief from federal court because state courts do not have jurisdiction over him due to foreign sovereign immunity. The Foreign Sovereign Immunities Act of 1976 provides immunity from suit (except as provided in the Act) in any court of this country, federal or state, for foreign **states**. *See Samantar v. Yousuf*, 560 U.S. 305, 310, 326 (2010) (holding that foreign officials do not come within the FSIA). It does not offer any protection for individuals. *Id.* Finally, Petitioner argues he was coerced to plead guilty because his attorneys told him he would be sentenced to death or life in prison because of his race and religion. This is a substantive argument not responsive to the issue of exhaustion and whether his petition was filed prematurely.

Considering the pending Rule 32 "of-right" proceeding, which could affect Petitioner's convictions and, ultimately, these proceedings, it is inappropriate for this Court to rule on Petitioner's claims at this

- 3 -

time.[3] *See Sherwood*, 716 F.2d at 634; *Henderson v. Johnson*, 710 F.3d 872, 874 (9th Cir. 2013) (stating that "*Sherwood* stands for the proposition that a district court may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending."). Additionally, Petitioner will suffer no prejudice as a result of a dismissal without prejudice. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (holding that a petition filed after a prior petition has been dismissed for failure to exhaust before the district court adjudicated any claims is not a second or successive petition). Because this habeas corpus proceeding is premature, the Court recommends that the Petition be dismissed without prejudice.[4]

## RECOMMENDATION

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order GRANTING the motion to dismiss (Doc. 33) the Petition for Writ of Habeas Corpus without prejudice as premature.

---

[3] Recently, Petitioner was granted PCR relief in a separate matter pending before the Maricopa County Superior Court. *See* Min. Entry, *State v. Al Saud*, No. CR2013-112072-001 SE / CR2014-112041-001 DT (Super. Ct. Maricopa Cnty. Sept. 7, 2016). The Maricopa court vacated Petitioner's plea agreements because (in accord with those agreements) the court had imposed sentences to run concurrently with the not-yet-imposed sentences in the Pima County case challenged in the instant action. (*Id.*) However, the Pima court subsequently determined its sentence should be consecutive to the Maricopa sentences. (*See* Doc. 33, Ex. G at 10, 16-17, 19.) Because the terms of the Maricopa plea agreements were not met, the court vacated them. The Maricopa documents were reviewed on the website for the Clerk of the Maricopa County Superior Court, http://www.courtminutes.maricopa.gov/index.htm.

[4] The parties do not address whether the Court should stay the Petition and hold it in abeyance in accordance with *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) and *Mena v. Long*, 813 F.3d 907 (9th Cir. 2016) (granting district courts discretion to stay a fully unexhausted petition). However, the Court does not recommend that procedure in this case. The Supreme Court recognizes that petitioners who are "reasonably confused" about timeliness rules may file "protective" petitions in federal court and ask the court to stay and abey the federal habeas corpus proceedings under *Rhines* until the state remedies are exhausted. *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). By protectively filing a habeas corpus petition, a petitioner may comply with the one-year statute of limitations applicable to federal habeas corpus petitions. *See* 28 U.S.C. 2244(d)(1). Here, because Petitioner's Rule 32 "of-right" proceeding, a form of direct appeal, is still pending, the one-year limitations period has not commenced; therefore, there is no need to hold this proceeding in abeyance to prevent a statute of limitations problem. *See id.* Thus, dismissing the Petition under the circumstances of this case will not prejudice Petitioner. This case is in contrast to *Mena*, in which the petitioner had completed a direct appeal and one state court collateral proceeding. 813 F.3d at 909.

     Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the District Court. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CIV 15-213-TUC-JAS**.

     Dated this 8th day of November, 2016.

*Lynnette C. Kimmins*
Honorable Lynnette C. Kimmins
United States Magistrate Judge